UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SCOTT K.,[1] | : Case No. 3:21-CV-129 |
|  | : |
| Plaintiff, | : Magistrate Judge Peter B. Silvain, Jr. |
|  | : (by full consent of the parties) |
| vs. | : |
|  | : |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
|  | : |
| Defendant. | : |

## DECISION AND ENTRY

Plaintiff Scott K. brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in Opposition (Doc. #14), Plaintiff's Reply (Doc. #15), and the administrative record (Doc. #9).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1),

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively filed his applications for Disability Insurance Benefits and Supplemental Security Income benefits on May 23, 2018, alleging disability due to several impairments, including a back problem, shoulder problem, depression, herniated disk, bulging disk, attention deficit disorder (ADD), a panic disorder, and high blood pressure. (Doc. #9-6, *PageID* # 345). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Kevin R. Barnes. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since April 1, 2018, the amended the alleged onset date. |
| Step 2: | He has the following severe impairments: status post laminectomy and discectomy, herniated bulging disc, lumbar radiculopathy, right shoulder tendinosis, status post SLAP repair of the right shoulder, depression, attention deficit disorder (ADD), and panic disorder. |
| | He has the following nonsevere impairments: hypertension and status post left hip arthroplasty. |
| Step 3: | Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), is "sedentary work… subject to the following limitations: (1) never pushing/pulling with the right upper extremity; (2) never reaching overhead with the right upper extremity; (3) never climbing ladders, ropes, or scaffolds, or crawling; (4) occasionally climbing ramps and stairs, balancing, stooping, crouching, and kneeling; (5) avoid hazardous machinery and unprotected heights; (6) performing simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements involving only simple, work-related decisions, with few, if any, work place changes; (7) occasional interaction with the public; and (8) occasional interaction with coworkers with no tandem tasks."

Plaintiff is unable to perform any past relevant work.

Step 5: Considering his education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #9-2, *PageID* #s 60-71). Based on these findings, the ALJ concluded that Plaintiff has not been disabled since April 1, 2018. *Id.* at 71.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #9-2, *PageID* #s 60-69), Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in Opposition (Doc. #14), and Plaintiff's Reply (Doc. #15). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a

conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.**   **Discussion**

Plaintiff argues that ALJ Barnes's RFC determination is not supported by substantial evidence because he failed to properly evaluate the opinion of treating physician, Barbara Anne Bennett, D.O. (Doc. #s 11 and 15). The Commissioner maintains that substantial evidence supports the ALJ's decision. (Doc. #14).

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. Those standards recently changed for claims filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c, 404.1527. Because Plaintiff's claim for disability was filed in May 2018, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to this case.

Previously, the Social Security Administration followed the "treating physician rule," which required an ALJ to give "controlling weight" to a treating source's opinion so long as it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

However, the new regulations changed this standard for applications filed on or after March 27, 2017. 20 C.F.R. § 404.1520c. Under the new regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …." § 404.1520c(a). Instead, the new regulations direct the ALJ to evaluate the persuasiveness of each medical opinion by considering the five following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." § 404.1520c(c). Further, because the regulations consider supportability and consistency the "most important factors," ALJs are obligated to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions," while they "may, but are not required to, explain how [they] considered" the remaining factors. § 404.1520c(b)(2).

With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." § 404.1520c(c)(1). Similarly, with respect to the consistency factor, "[t]he more consistent a medical opinion(s) ... is

5

with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ....." § 404.1520c(c)(2).

Thus, while these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)).

In this case, Plaintiff alleges that the ALJ erred in his assessment of Plaintiff's treating primary care physician, Barbara Anne Bennett, D.O. In December 2018, Dr. Bennett noted that Plaintiff suffers from right shoulder pain and lower back pain. (Doc. #9-7, *PageID* #814). As a result, Dr. Bennett opined that Plaintiff would need to recline or lie down during an eight-hour workday and that he could only sit for one hour and stand/walk for one hour. *Id*. She also indicated that Plaintiff would need four to five unscheduled breaks a day for fifteen to twenty minutes at a time. *Id*. Dr. Bennett also found that Plaintiff could never lift or carry any weight, could not handle objects with his right hand, and had a limited ability to reach with his right arm. *Id.* Additionally, she believed that Plaintiff would frequently experience symptoms severe enough to interfere with

the attention and concentration required for simple work tasks. *Id.* Finally, Dr. Bennett concluded that Plaintiff would miss work more than four times a month. *Id*. at 815.

In reviewing Dr. Bennett's opinion, ALJ Barnes found that it was "not persuasive." (Doc. #9-2, *PageID* #67). In support of this conclusion, ALJ Barnes explained that many of the restrictions provided by Dr. Bennett, including never lifting or carrying and never using the right hand, seem to be limited to the period where Plaintiff was recovering and receiving physical therapy. *Id*. Here, ALJ Barnes noted that Plaintiff's shoulder injury had responded to this course of treatment and that he had regained normal range of motion with full strength in the bilateral upper extremities and no focal deficits. *Id*. (citing Doc. #9-8, *PageID* #s 840, 858; Doc. #9-9, *PageID* #s 1223-33). As a result, the ALJ found that "Dr. Bennett's assessment represents more of a snapshot in time of [Plaintiff's] level of physical functioning rather than a reliable longitudinal picture, and her assessment is not persuasive on a long-term basis." *Id*.

As is evident from the summary set forth above, ALJ Barnes made no express reference to the distinct factor of "supportability" in his assessment of Dr. Bennett's opinion. The Commissioner attempts to justify this failure by pointing out that "checklist-type forms… are inherently unpersuasive[,]" and, thus, lacking in supportability. (Doc. #14, *PageID* #1290) (internal citations omitted). However, this justification fails to account for the unquestionably clear language in the new regulations that an ALJ must "set forth a 'minimum level of articulation'" as to how he considered the supportability and consistency factors for a medical's source's opinion. *Warren I*, 2021 WL 860506, at *8; 20 C.F.R. § 404.1520c(b) ("We *will* articulate in our determination or decision how persuasive we find all of the medical

opinions ... in your case record[.]") (emphasis added); 20 C.F.R. § 404.1520c(b)(2) ("[W]e *will* explain how we considered the supportability and consistency factors for a medical source's medical opinions ... in your determination or decision.") (emphasis added). Indeed, while the regulations allow an ALJ flexibility as to whether he needs to discuss the other factors weighing on the persuasiveness of a medical opinion, they mandate that the ALJ set forth his rationale on what are deemed to be the two most important factors—supportability and consistency. *See id*.

In addition to failing to discuss the distinct factor of supportability in his analysis of Dr. Bennett's opinion, ALJ Barnes also failed to address any of the limitations that Dr. Bennett included as a result of Plaintiff's back impairment. For instance, Dr. Bennett opined that Plaintiff would need to recline or lie down during an eight-hour workday and that he could only sit for one hour and stand/walk for one hour. (Doc. 9-7, *PageID* #814). Dr. Bennett also opined that Plaintiff would need four to five unscheduled breaks a day for fifteen to twenty minutes at a time. *Id.* While ALJ Barnes concluded that Dr. Bennett's restrictions related to Plaintiff's shoulder impairment were inconsistent with the evidence of record that he had responded to treatment and regained full strength and range of motion in his upper extremities, this analysis has no bearing on the limitations that Dr. Bennett provided due to Plaintiff's back impairments.

Additionally, the Commissioner's *post hoc* rationalization of how ALJ Barnes could have applied the factors to Dr. Bennett's medical opinion based on his earlier recitation of the evidence does not cure this deficiency. The regulations do not call for the reviewing court or the Commissioner to comb through the record after the ALJ has rendered her decision and "imagine manifold ways in which the factors could have been applied to the evidence that was presented."

*Hardy v. Comm'r of Soc. Sec.*, No. 20-10918, 2021 WL 3702170, at *6 (E.D. Mich. Aug. 13, 2021). Instead, it is the obligation of the ALJ "in the first instance to show his or her work, *i.e.*, to explain in detail *how the factors actually were applied* in each case, to each medical source." *Id*. As such, by not explaining how he considered the supportability factor when evaluating the persuasiveness of Dr. Bennett's opinion, ALJ Barnes failed to meet the minimum levels of articulation required by the regulations, thus frustrating the Court's ability to determine whether Plaintiff's disability determination was supported by substantial evidence. *See Warren I*, 2021 WL 860506, at *8.

ALJ Barnes' failure to "show his work" in accordance with the regulations is particularly salient with regard to his decision to exclude Dr. Bennett's restriction that Plaintiff be allowed four to five unscheduled breaks a day for fifteen to twenty minutes at a time. At the hearing, the vocational expert testified that such a restriction would be work preclusive. (Doc. #9-2, *PageID* #110). Despite this testimony and the Dr. Bennett's opinion that Plaintiff be permitted such breaks and the ability to recline, ALJ Barnes did not address any of the limitations related to Plaintiff's back impairments in his assessment of Dr. Bennett's opinion.

Based on all the foregoing, the ALJ's non-disability finding is unsupported by substantial evidence and must be reversed. *See Blakley,* 581 F.3d at 409-10 (holding that "the Commissioner must follow his [or her] own procedural regulations in crediting medical opinions"). Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[3]

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical

source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Statement of Errors (Doc. #11) is **GRANTED;**

2. The Commissioner's non-disability finding is vacated;

3. No finding be made as to whether Plaintiff, Scott K., was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

September 27, 2022  *s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge